884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SPARTAN GRAIN & MILL CO., Plaintiff-Appellant,
v.
RALSTON PURINA COMPANY, Defendant-Appellee.
 No. 88-3610.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1989.
Decided July 24, 1989.
 
 Michael John Giese (J. Richard Kelly, Nancy Hyder Robinson, Leatherwood, Walker, Todd & Mann on brief) for appellant.
 Michael Burton T. Wilkes (The Ward Law Firm, P.A. on brief) for appellee.
 Before SPROUSE and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Spartan Grain & Mill Company seeks reformation of a promissory note given by Ralston Purina Company. Spartan Grain contends that a prepayment privilege in favor of Ralston Purina was erroneously included in the promissory note and seeks reformation based on the doctrine of mutual mistake. Spartan Grain also asserts a breach of contract claim against Ralston Purina. The district court found no evidence that the prepayment privilege was included by mutual mistake, and held that Spartan Grain did not have a cause of action under the contract for damages occasioned by Ralston Purina's prepayment of the promissory note. We affirm.
 
 
 2
 In 1983, Spartan Grain and Ralston Purina entered into negotiations for the sale of Spartan Grain's major operating assets located in Spartanburg, South Carolina. Two Small Business Administration (SBA) loans were included as liabilities of Spartan Grain. Spartan Grain had pledged real estate, equipment, accounts receivable, and other assets to SBA as collateral for these loans.
 
 
 3
 Ralston Purina prepared and submitted a draft proposal--an "assets acquisition agreement"--which stated a purchase price of $4,600,000, payable in 200 monthly installments of $23,000. The agreement was revised by Ralston Purina and sent to Spartan Grain on August 2, 1984. The revised agreement required Ralston Purina to give a promissory note to Spartan Grain in the amount of $2,235,091 with interest payable at the rate of ten percent (10%) per year. The agreement was executed on August 10, 1984 and did not contain a prepayment privilege.
 
 
 4
 Spartan Grain's attorney then drafted a proposed promissory note and mortgage for Ralston Purina's review. The promissory note ultimately accepted by the parties at the closing contained a prepayment privilege which provided that:
 
 
 5
 THIS note may be prepaid on any date, in whole or in part, without penalty. The amount of any prepayment shall be applied first to the payment of interest accrued to the date of receipt of said payment and the balance, if any, as a credit to principal.
 
 
 6
 On October 26, 1984, title to Spartan Grain's assets was transferred to Ralston Purina in exchange for the promissory note and mortgage. Spartan Grain then endorsed the note to the SBA and the SBA released the collateral securing the SBA loans. The SBA received a separate assignment of the promissory note and mortgage as substitute collateral.
 
 
 7
 Ralston Purina began making monthly payments of $23,000 payable jointly to Spartan Grain and the SBA. In 1986, British Petroleum purchased the Spartan Grain facility from Ralston Purina. Ralston Purina then tendered a check to the SBA and Spartan Grain for $2,116,894, which represented the outstanding balance of the note plus accrued interest. Spartan Grain endorsed its interest in the check to the SBA. The SBA then satisfied the note and cancelled the mortgage on October 3, 1986. Because the interest rate on Ralston Purina's note to Spartan Grain was greater than the interest rates on Spartan Grain's loans from the SBA, the amount of the prepayment was less than the balance owed by Spartan Grain to the SBA. The shortfall equalled approximately $200,000.
 
 
 8
 In August of 1987, Spartan Grain sought to reform the promissory note in order to delete the prepayment privilege on the ground of mutual mistake. Spartan Grain also alleged that Ralston Purina had breached the assets acquisition agreement.
 
 
 9
 On August 1, 1988, the district court granted summary judgment in favor of Ralston Purina. According to the district court, it was undisputed that the promissory note was prepared by Spartan Grain's attorney and that the attorneys for both parties knew that the note included a prepayment privilege in favor of Ralston Purina. The district court concluded that there was no evidence that the prepayment privilege was included by mutual mistake and therefore no evidence to support Spartan Grain's claim for reformation.[1] The district court also found that Spartan Grain had no legally enforceable rights under the assets acquisition agreement for additional purchase price payment or for damages caused by prepayment of the note. The district court construed the promissory note, mortgage, and assets acquisition agreement together and held that Spartan Grain could not give a prepayment privilege in the note and then claim that the assets acquisition agreement was not subject to the same limitation. The district court dismissed Spartan Grain's claims with prejudice.
 
 
 10
 Finding no error, we affirm the district court's judgment for the reasons stated in its thoughtful and comprehensive opinion. See Spartan Grain & Mill Co. v. Ralston Purina Co., No. 7:87-2623-17 (D.S.C. Aug. 1, 1988).
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The district court held that Spartan Grain lacked standing to seek reformation of the promissory note because it had assigned all its rights in the note to the SBA. We hold that Spartan Grain's claims clearly fail on the merits and therefore find it unnecessary to reach the question of standing